IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD HANSEN,** | ) |
| | ) |
| Plaintiff, | )  8:06CV338 |
| | ) |
| v. | ) |
| | ) |
| **QWEST COMMUNICATIONS** | )  PROTECTIVE ORDER |
| **CORPORATION, QWEST BUSINESS** | ) |
| **RESOURCES, INC., and** | ) |
| **COMMUNICATIONS WORKERS OF** | ) |
| **AMERICA AFL/CIO,** | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the parties' Motion for Entry of Agreed Protective Order (Filing No. 53). The parties agree that the discovery, prosecution and defense of this action will likely result in the disclosures of confidential or proprietary information of which the producing party has a legitimate interest in preventing improper use and unnecessary disclosure. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, the parties' motion is granted as follows.

**IT IS ORDERED:**

**INFORMATION SUBJECT TO THIS ORDER**

1.  The protection of this Order may be invoked by any party with respect to confidential employment information relating to Qwest's or the CWA's current and former employees, that is (a) conveyed by or contained in a document produced or (b) stated in an answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel or (e) disclosed in the furtherance of or during the course of mediation between the Parties. Furthermore, the protection of this Order may be invoked by any party with respect to the confidential and/or proprietary business information relating to the Qwest's or the CWA's actual or prospective operations; current and former employees; business practices or plans; financial and tax information;

and other information considered confidential, that is (a) conveyed by or contained in a document produced or (b) stated in an answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding or (d) disclosed pursuant to a voluntary agreement among counsel or (e) disclosed in furtherance of or during the course of mediation between the Parties.  Any party that produces information which is reasonably believed by it to be of the types recognized above may, at the time of production, designate such information as "Confidential," and the information so designated shall thereafter be subject to the provisions of this Order.  In the case of documents, each page that is to be produced under this Order shall be separately marked "**CONFIDENTIAL.**"

### PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

2. Any information designated "Confidential" pursuant to paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the Parties and their officers and management employees, including in-house counsel, outside counsel assisting in or responsible for this proceeding and member of the legal, paralegal, secretarial and clerical staff of such counsel, other persons assisting counsel with these proceedings, counsel retained by witnesses, any mediator, the Court, jury members, persons employed as expert consultants for each party, and witnesses on an as needed basis only.

### LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

3. All Confidential Material shall be used only for the purpose of the proceedings in this case, including mediation, trial, hearings and any appeals, and not in any other lawsuit, claim or cause of action or for any other purposes whatsoever unless ordered by a court of competent jurisdiction.

4. Any information designated as "Confidential" pursuant to paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of these proceedings, and

shall not be used by the recipient of the information for any function other than mediation and/or litigation.

5. All persons, except the Parties, their officers and management employees, their in-house and outside counsel, and members of the legal, paralegal, secretarial and clerical staff of such counsel, who are permitted access to Confidential Material shall be informed of its confidentiality as provided in this Order, and shall be required to sign an acknowledgment (attached as Exhibit A) agreeing to be bound by the non-disclosure provisions of this Order. All persons to whom Confidential Material is disclosed shall be bound by the terms of this Order.

6. Any Confidential Material filed with the Court shall be filed pursuant to and consistent with the Court's rules and procedures governing the filing of private and confidential information. A determination as to when and what special procedures, if any, are necessary for handling "Confidential" documents and information subject to this Order at trial shall be deferred until a trial date has been set in this case.

7. Nothing in this Order shall affect the admissibility of any documents or other evidence at trial or hearing in this action. In the event any Confidential Material is used in any proceeding prior to the trial of this cause, it shall not lose its confidential status through such use and the Parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

## **FINAL TERMINATION OF PROCEEDING**

8. Upon final termination of this proceeding, including all subsequent appeals, each party shall return to the producing party all materials produced and designated as "Confidential" and all copies thereof, along with written confirmation that the party has returned all copies. Unless a court expressly orders otherwise, the Parties and all other person bound by this Order shall continue indefinitely during and beyond the conclusion of this proceeding to keep confidential the information and documents exchanged pursuant to this Order.

9. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any particular document

or information (including restrictions differing from those as specified herein), or as to any other types of documents or information not encompassed by this Order, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

10. The application of this Order to any information shall not be considered an admission or in any way relevant to the questions of whether such information is discoverable or admissible.

11. Counsel for the Parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

12. The United States District Court for the District of Nebraska retains jurisdiction to alter or amend this Order by further order upon a showing of good cause. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

DATED this 13th day of March, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, _____, having received and reviewed a copy of the Protective Order entered in *Richard Hansen v. Qwest Communications Corporation, et al.* (Case No. 8:06 CV 338), pending in the United States District Court for the District of Nebraska, governing the confidentiality of documents and other confidential material, agree to be bound by its terms. I further agree that I will not disclose to third parties any material or information that is designated by any party as Confidential, except as provided in the Protective Order.

Signature:

Dated: